# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAUREN GREENE<br>  *On behalf of* REBECCA RHODES | * * * | |
| Plaintiff | * * | |
| v. | * * | Civil Action No. JKB-19-553 |
| STATE OF MARYLAND,<br>UNIVERSITY OF MARYLAND<br>BALTIMORE WASHINGTON MEDICAL<br>CENTER, | * * * * * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The above-entitled action was filed on February 21, 2019, by Lauren Greene, who asserts she is filing on behalf of Rebecca Rhodes, who is an involuntarily committed patient at the psychiatric ward located in the Defendant hospital. ECF No. 1. Ms. Greene claims that Ms. Rhodes is not being provided with fresh air and has been confined indoors for a period exceeding seven months. *Id*. at p. 1. According to Ms. Greene, this "injurious confinement" has contributed or caused Ms. Rhodes's mental deterioration. *Id*. Ms. Greene seeks damages in the amount of $20,000 to be paid to Ms. Rhodes or her heirs. *Id*. at p. 2. Ms. Greene did not pay the filing fee, nor did she file a Motion to Proceed in Forma Pauperis. Because the complaint must be dismissed for reasons explained below, Ms. Green will not be required to correct the deficiency regarding the filing fee.

Ms. Greene is not a member of this Court's bar, nor does she appear to be an attorney authorized by Ms. Rhodes to file a legal action on her behalf. Further, Ms. Greene does not have standing to assert the claim raised. To demonstrate standing, Ms. Green must allege a personal injury fairly traceable to the defendants' allegedly unlawful conduct that is likely to be redressed

by the requested relief. *See Allen v. Wright*, 468 U.S. 737, 751 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126-27 (2014). Simply put, Ms. Greene has no standing to assert the rights of another patient who may have suffered harm as the result of an alleged constitutional violation or medical malpractice. To the extent that Ms. Rhodes is incapable[1] of asserting the claim herself, Ms. Greene has not alleged that she has suffered a cognizable injury due to some close relational tie with Ms. Rhodes. *See Powers v. Ohio*, 499 U.S. 400 (1991) (criminal defendant has third party standing to raise right of jurors not to be excluded on basis of race). For these reasons, the complaint must be dismissed without prejudice by separate Order, which follows.

Dated this 25th day of February, 2019 .

                                          FOR THE COURT:

                                        _____/s/_____
                                        James K. Bredar
                                        Chief Judge

---

[1] Should Ms. Greene wish to obtain assistance for Ms. Rhodes, she may contact one or more of the disability rights advocacy organizations available in Maryland. One such organization is Disability Rights Maryland, 1500 Union Avenue, Suite 2000, Baltimore, Maryland 21211.